LEMMON, Judge.
Defendant has appealed from a judgment, following a trial on the merits, which awarded fees to plaintiffs, members of an architectural and engineering firm, for professional services under a verbal contract to prepare plans and specifications for construction of a commercial and office building on defendant’s land. The issue in dispute involves the terms and conditions of the fee arrangement. While plaintiffs and defendant agreed that they entered into a verbal contract for performance of the services, they disagreed as to their understanding of the fee arrangements.
Defendant takes the position that he agreed to a fee of 4% on the lowest bid accepted, but that he anticipated a total cost of about $250,000.00 (based on plaintiffs’ assertion that he could expect a cost range of $17.00 to $18.00 per square foot for a 14,000-square foot building), and when the lowest bid was over $355,000.00, he felt no fee was due.
On the other hand, plaintiffs point out that not only was there no budget limitation, but also defendant rejected any suggestions geared toward economy and insisted on his design desires. Plaintiffs also insist that they never work on a contingent fee basis.
After the bidding plaintiffs and defendant negotiated with the second lowest bidder (the first being unwilling to do so) in an attempt to reduce the total cost by elimination or revision of several features. That bid after negotiation was $343,000.00, and defendant agreed to this price if he could obtain a reasonable rate of interest. When he was unable to do so, he abandoned the project.
Plaintiffs calculated 4% of the $343,000.00 bid ($13,720.00) and billed defendant 80% of this amount, or $10,976.00 (since 20% of the fee normally covers supervision of construction). Additionally plaintiffs billed defendant $2,500.00 for the “additional cost of reworking and revising plans and specifications” and $950.00 for “reimbursable costs” of the detailed estimate and the cost of reproduction. This suit for $14,426.00 followed defendant’s refusal to pay the bill.
At trial plaintiffs introduced evidence as to their total hourly billing and the expenses of consultants. Although this evidence was admitted over objection solely as “an estimate of what their expenses are”, judgment was rendered for $20,435.00, the amount of the estimate.
We view the original situation as one in which defendant offered to pay a 4% fee for plaintiffs’ performance of services, and plaintiffs accepted that offer by performing the services. However, defendant resisted plaintiffs’ claim to fee entitlement upon performance by contending his obligation was conditional upon the happening of an uncertain event, namely, that bids be submitted in the range of $250,000.00. See C.C. art. 2021. While plaintiffs had the burden of proving the existence of a contract for the fee sought, defendant in order to prevail on this defense had the burden of proving the existence of the alleged condition in the contract.
Our review of the record supports the conclusion that defendant failed to prove he was not obliged under the verbal contract to pay a fee unless the bidding was in the $250,000.00 range. The record, while suggesting defendant was under the impression that the bids would be in that range, contains no evidence that he expressly conditioned his obligation to pay for the requested services on this eventuality. Furthermore, the existence of such a condition cannot reasonably be implied from the nature of the contract or the presumed intent of the parties. See C.C. art. 2026. Defendant significantly did not deny that he insisted on his desired design features rather than on a budget limitation. More *286 over, the record suggests that the bids were higher than originally anticipated because of an unprecedented upsurge in construction costs between the time of defendant’s offer to pay for plaintiffs’ performance of the services and plaintiffs’ acceptance by performance.[1]
We conclude that there was no express or implied condition in the contract which made defendant’s obligation to pay a fee conditional upon bidding within a certain price limitation.[2]
The record, however, does not support a judgment in excess of $10,976.00. There was no evidence that plaintiffs intended to charge or defendant agreed to pay an additional fee for services performed in negotiating and revising the plans in an attempt to bring the total cost down. Indeed, the record suggests that such services are routinely performed when bids are higher than expected, as these were, and logical analysis dictates that reworking and revising after cost estimation are included in the fee for preparing plans and specifications unless the circumstances are extraordinary or the contract stipulates to the contrary. Neither was there any evidence that the so-called “reimbursable costs” were not included in the 4% fee. We therefore reduce the judgment to eliminate these unsupported items.
Accordingly, the judgment is amended to reduce the amount to $10,976.00. As amended, the judgment is affirmed.

AMENDED AND AFFIRMED.

. Defendant contended, but failed to prove, that the bids were higher because plaintiffs unreasonably delayed in preparing the plans for six to seven months instead of two to three, as promised.

. We distinguish this case from one in which there is no agreement whatsoever as to fee. In such a case the parties are presumed to have intended a reasonable fee, and the court sets a reasonable fee based on expert evidence.